# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,  )
                           )  Case No. 2:12-cr-00132-MMD-CWH
vs.                        )
                           )  **ORDER**
                           )
MICHAEL HALL, et al.,      )
                           )
           Defendants.     )
_____)

This matter is before the Court on Defendant Michael Hall's Motion to Sever (#52), filed on July 13, 2012; the Government's Response (#54), filed July 25, 2012; and Defendant's Reply (#57), filed July 31, 2012.

This case was reassigned to the undersigned Magistrate Judge on January 24, 2013. Prior to reassignment, Defendant Bonaparte filed a series of joinders, most of which are moot. *See* Motions (#68), (#71), and (#72). Specifically, due to his plea agreement entered on December 5, 2012, Defendant Hunter's Motion for Joinder (#53) was denied as moot. *See* Mins. of Proceedings (#79). Defendant Bonaparte's Motions for Joinder (#71) and (#72) were limited to joining Defendant Hunter's motion (#53). Because motion (#53) has been denied as moot, Bonaparte's motions (#71) and (#72) are also now moot. Bonaparte's motion (#68) appears to request joinder to both Defendant Hunter and Defendant Hall's motions to sever (#52) and (#53). Because Defendant Hall's motion to sever (#52) has not been addressed, the Court will grant Bonaparte's motion for joinder (#68) as to Hall's motion to sever.

**BACKGROUND**

On April 17, 2012, the grand jury returned a ten-count indictment against Defendants Michael

Hall ("Hall"), Delon Hunter, William Bonaparte, and Erica Bowden-Payne.  Each are charged with: one count of Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C § 1951(a); four counts of Interference with Commerce by Robbery in violation of 18 U.S.C. §1951(a); and five counts of Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Each defendant is also charged with aiding and abetting in violation of 18 U.S.C. § 2 in counts 2-10. *See* Indictment (#1).

It is alleged that on or around April 6, 2012, Defendants robbed four different convenience stores in a span of forty-five minutes.  It is further alleged that in each robbery, Defendant Bonaparte would enter the convenience store and then be held at gunpoint as a hostage by Defendant Hunter.  As part of the staged hostage situation, Defendant Hunter would demand money from store employees, who complied on each occasion.  After the robbery, Defendants Bonaparte and Hunter would flee the store to an awaiting vehicle driven by Defendant Hall.  Defendant Bowden-Payne was a passenger in the vehicle.

By way of this motion, Defendant Hall requests that the Court sever his case from that of his co-defendants.  He argues that severance is appropriate because of the "very real danger that a jury will not be able to compartmentalize the evidence as it relates to [him]."  Hall argues that the evidence introduced against his co-defendants will improperly bolster the weak case against him.  Hall also argues that this case presents a situation of mutually exclusive, antagonistic defenses because "the inequity in evidence against [him] in this case" may cause Defendants to point at each during trial.

**DISCUSSION**

Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b).  Rule 8 is construed broadly in favor of initial joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (citations omitted).  "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted).  "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id.* (citations omitted).

Rule 14 provides relief from joinder of defendants under Rule 8(b) through severance. Fed. R. Crim. P. 14(a). To warrant severance, the defendant bears the heavy burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way - by severing the trial." *United States v. Castro*, 877 F.2d 988, 996 (9th Cir. 1989) (citation omitted). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id*. (citation omitted). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). "A joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004). Further, [j]oinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence." *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995) (citations omitted).

Defendant Hall seeks severance under Fed. R. Crim. P. 14 claiming that the evidence against him is so minimal when compared with the other defendants that a jury will not be able to compartmentalize it. Citing the "great disparity in the amount of evidence," Hall argues that the risk for the jury to be unable to compartmentalize the evidence necessitates severance to minimize unfair prejudice that would result from a joint trial. It appears Hall's primary concern is that because none of the witnesses identified him, he will be prejudiced by joinder because the jury will simply consider the evidence against his co-defendants and assume he was involved.

The Court has not been afforded the opportunity to review all of the evidence and expresses no view as to its relative weight vis-a-vis the defendants. However, in addressing a claim of prejudicial joinder, "[t]he mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials." *United States v. Matta-Ballasteros*, 71 F.3d 754, 754 (9th Cir. 1995) (quoting *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986)). Rather, the focus is on "whether the jury can reasonably be expected to

compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility." *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (citations omitted). "The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction of the trial judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (quoting *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). "A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999), *superceded on other grounds by regulation*, (internal citations and quotations omitted).

Here, there is nothing presented that would lead to the conclusion that a carefully crafted, limiting instruction cannot cure the potential prejudice identified by Hall.[1] It is incumbent upon the party seeking severance to demonstrate the insufficiency of limiting instructions. *Id*. Merely stating that it is unlikely jury instructions could cure the potential prejudice is, in the undersigned's view, insufficient to meet this burden. The charges and underlying facts are not particularly complex. Although there may be some spill-over evidence, any potential prejudice can be overcome by a jury instruction explaining the charges and informing the jury to segregate the evidence and limiting the applicability of the evidence to the appropriate defendant. Consequently, the Court finds that Defendant Hall has not made the necessary showing to support severance.

Hall also argues that severance is appropriate because his defense strategy may be mutually exclusive or antagonistic to the defense strategy of his co-defendants. To prevail under this theory, Defendant must show that "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of one party's defense will preclude the acquittal of the other party." *United States v. Johnson*, 297 F.3d 845, 858 (9th Cir. 2002) (citing *United States v. Hanley*, 190 F.3d 1017, 1028 (9th Cir. 1999)). The Ninth Circuit has stated that "[a]ntagonism between defenses or the desire of one defendant to exculpate himself by inculpating a co-defendant . . . is

---

[1] Defendant Bonaparte, who has joined this motion, has presented nothing in the way of potential prejudice other than simply adopting the same arguments as Hall.

4

insufficient to require severance." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). To support his argument, Hall relies exclusively on the alleged inequity of the evidence and speculates that the defendants may end up blaming one another during the trial. Hall does not specify what theory he might incorporate in order to exculpate himself, but it appears his strategy will be that, although he was the driver of the vehicle, he was unaware that his passengers were involved in the robberies or that he was unable to distance himself from their conduct.

While defendants may very well point the finger at one another during a joint trial, the acceptance that one defendant did not commit the robberies does not preclude the acquittal of the other. Even assuming the core of the co-defendants' case is that they did not commit the robbery, such a defense is not irreconcilable with the core of Hall's defense. A jury could reasonably conclude that either co-defendant or both are guilty of the charged offenses. Alternatively, the jury could believe that neither defendant committed the robberies. In the undersigned's view, neither Hall nor Bonaparte has shown how his individual theory of defense would be so irreconcilable with the other co-defendants as to preclude a jury from deciding guilt or innocence if both defenses were presented in a joint trial. As a result, severance is not warranted under the antagonistic or mutually exclusive defense rationale.

Lastly, it appears that Hall is impliedly arguing that because the only information alleging that he was aware of the robberies comes from the statements or confessions of his co-defendants, severance is mandated pursuant to *Bruton v. United States*, 391 U.S. 123 (1969). Bonaparte presumably has the same concern. The Government responds that it recognizes its obligations under *Bruton* and its progeny and asserts that it would redact any references to other defendants from the confessions or statements of the other co-defendants and pursue a limiting jury instruction. As long as the Government is willing to accept the limitations imposed by *Bruton*, judicial efficiency counsels in favor of a joint trial. *See United States v. Tillman*, 2013 Wl 140413 (D. Nev.). The Court, of course, may revisit this issue during trial to curtail any *Bruton* issues which may arise. Accordingly, the Court finds that Hall has not met his high burden of demonstrating that severance is warranted based on potential *Bruton* issues.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Michael Hall's Motion to Sever (#52) is

**DENIED**.

**IT IS FURTHER ORDERED** that Defendant William Bonaparte's Motion for Joinder (#68) is **GRANTED** insofar as requests joinder to Hall's motion to sever.

**IT IS FURTHER ORDERED** that Defendant William Bonaparte's Motions for Joinder (#71) and (#72) are **DENIED as moot**.

DATED this 19th day of March, 2013.

_____
C.W. Hoffman, Jr.
UNITED STATES MAGISTRATE JUDGE